UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**02-61356**

CHARLEEN FOREE,

        Plaintiff,

v.

BROWARD COUNTY SHERIFF'S OFFICE,
EMSA CORRECTIONAL CARE, INC., a
Florida corporation, ERIN CODY, M.D.,

        Defendants.

_____/



### PETITION FOR REMOVAL

Petitioners, BROWARD COUNTY SHERIFF'S OFFICE ("BSO"), EMSA

CORRECTIONAL CARE, INC., a Florida corporation ("EMSA"), and ERIN CODY, M.D.,

("CODY") (collectively "Petitioners") pursuant to 28 U.S.C. §§ 1331 and 1332, file this Petition for

Removal as follows:

**I.**    **PROCEDURAL POSTURE**

1.    Petitioners are Defendants in the above-styled action.

2.    On or about August 28, 2002, Plaintiff commenced an action against Petitioners in

the Circuit Court of the 17th Judicial Circuit Judicial Circuit in and for Broward County, Florida,

Case No. 02016927 CACE 05.  The action is pending in that court.

3.    On or about September 3, 2002, EMSA was served with Plaintiff's Complaint.

EMSA has not served a response.

4.    On or about September 5, 2002, BSO was served with Plaintiff's Complaint.  BSO

has not served a response.

5.      Copies of the Complaint and all of the papers filed in the Circuit Court of the 17th Judicial Circuit Judicial Circuit in and for Broward County, Florida are attached hereto as Exhibit "A".

**II.      BASIS FOR REMOVAL**

6.      The Complaint contains claims for violation of the Eighth Amendment, brought pursuant to 42 U.S.C. § 1983.

7.      This action is removable under 28 U.S.C. §§ 1331, 1441, and 1443 because relief is dependent on the resolution of a substantial question of federal law. *See Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

8.      Simultaneous with the filing of this Petition for Removal, the state court was notified of the removal of this matter to this Court.  Attached as Exhibit "B" is the Petitioners' Notice of Filing Petition for Removal dated September 25, 2002.

9.      This action is properly removed from state court pursuant to 28 U.S.C. §1441(b) as a civil action in which this court has original jurisdiction founded on a claim arising under the laws of the United States.  It is removable without regard to the citizenship or residence of the parties.

10.      This Petition is timely pursuant to 28 U.S.C. §1446(b).

**IV.      CONCLUSION**

Petitioners respectfully request this Petition be granted pursuant to the Federal Question Jurisdiction of this Court.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served via regular U.S. States mail upon Jeffrey A. Norkin, Esquire, Norkin & Drucker, P.A., 44 West Flagler

2

Street, Suite 4000, Miami, Florida 33130, on this 23-rd day of September, 2002.

By: _____
      RICHARD T. WOULFE
      Florida Bar No.: 222313
      GREGG A. TOOMEY
      Florida Bar No.: 0159689
      BUNNELL, WOULFE, KIRSCHBAUM,
      KELLER, McINTYRE & GREGOIRE, P.A.
      Co-Counsel for Defendant
      888 East Las Olas Boulevard, Suite 400
      Fort Lauderdale, FL 33301
      Telephone:    954-761-8600
      Facsimile:    954-525-2134


Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire/Co-counsel for Defendant, Facsimile No: 954-525-2134
Jeffrey A. Norkin Esquire/Counsel for Plaintiff, Facsimile No.: 305-374-9499

3

IN  THE  CIRCUIT  COURT  OF  THE  17TH
JUDICIAL  CIRCUIT  IN  AND  FOR  BROWARD
COUNTY, FLORIDA

**GENERAL JURISDICTION DIVISION** 05

**CASE NO.:**

**02016927**

CHARLENE FOREE,

    Plaintiff,

vs.

BROWARD SHERIFF'S OFFICE,
EMSA CORRECTIONAL CARE, INC.,
ERIN CODY, M.D.,

    Defendants.

_____/

<u>**CIVIL ACTION SUMMONS**</u>

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

Broward Sheriff's Office
2601 W Broward Blvd.
Ft. Lauderdale, FL  33312

(a)    On  the  President  or  Vice-President,  Registered  Agent  or  other  head  of  the corporation; and in his absence;

(b)    On the cashier, treasurer, secretary or general manager; and in the absence of all of the above;

(c)    On any director; and in the absence of all of the above;

(d)    On any officer or business agent residing in the State.

Each defendant is hereby required to serve written defenses to the complaint or petition on Plaintiff's attorney:

EXHIBIT
A

Jeffrey A. Norkin, Esq.
NORKIN & DRUCKER, P.P.A.
44 W. Flagler St Suite 400
Miami, FL  33130
(305) 374-8919

within thirty (30) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON _____, 2002.

COURT SEAL        SEP 0 3 2002

HOWARD C. FORMAN

Clerk of the Court

Y: _____
Deputy Clerk

2

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

**02016927**

CHARLENE FOREE,

    Plaintiff,

vs.

BROWARD SHERIFF'S OFFICE,
EMSA CORRECTIONAL CARE, INC.
ERIN CODY, M.D.,

    Defendants.

_____/

## CIVIL ACTION SUMMONS

TO:    THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

EMSA Correctional Care, Inc.
105 Westpartk Dr., Suite 300
Brentwood, TN  37027

**Serve at:**

**CT Corporate System, Registered agent**
**1200 South Pine Island Rd., Suite 600**
**Fl. Lauderdale, Florida 33324**

    (a)    On the President or Vice-President, Registered Agent or other head of the corporation; and in his absence;

    (b)    On the cashier, treasurer, secretary or general manager; and in the absence of all of the above;

1

(c)  On any director; and in the absence of all of the above;

(d)  On any officer or business agent residing in the State.

Each defendant is hereby required to serve written defenses to the complaint or petition on Plaintiff's attorney:

> Jeffrey A. Norkin, Esq.
> JEFFREY A. NORKIN, P.A.
> 44 W. Flagler St Suite 412
> Miami Fl. 33130
> (305) 374-8919
> Fax – 374-9499

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON _____ SEP 0 3 2002 , 2002.

COURT SEAL

HOWARD C. FORMAN

Clerk of the Court

SEAL

BY: _____

Deputy Clerk

2

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

**GENERAL JURISDICTION DIVISION**     **05**

**CASE NO.:**          **02016927**

CHARLENE FOREE.

Plaintiff,

vs.

BROWARD SHERIFF'S OFFICE,
EMSA CORRECTIONAL CARE, INC.
ERIN CODY, M.D.,

Defendants.

_____/

### CIVIL ACTION SUMMONS

TO:   THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy of
the Complaint in this lawsuit on the following Defendant.

Erin E. Cody, M.D.
820 N.W. 121st Avenue
Plantation, FL  33325

### IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this
summons is served on you to file a written response to the attached Complaint in this Court.  A
phone call will not protect you; your written response, including the above case number and named
parties, must be filed if you want this Court to hear your case.  If you do not file your response on
time, you may lose the case, and your wages, money, and property may thereafter be taken without
further warning from the Court.  There are other legal requirements.  You may want to call an
attorney right away.  If you do not know an attorney, you may call an attorney referral service or a
legal aid office (listed in the phone book).

You must also mail or take a carbon copy or photocopy of your written response to
the "Plaintiff/Plaintiff's Attorney" named below.

Jeffrey Norkin, Esq.
Norkin & Drucker, P.P.A.
Attorney's for Plaintiff
44 W. Flagler St. Suite 400
Miami, Fl. 33130
(305) 374-8919
Fl. Bar No. 0969966

SEP 0 3 2002

Dated on August ___, 2002.



HOWARD C FORMAN

CLERK OF THE COUNTY COURT

BY:

Deputy Clerk

2

### VERIFIED RETURN OF SERVICE
### ERIN E. CODY, M.D.

**CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**          CASE: 02-16927 CACE05
**BROWARD COUNTY, FLORIDA**          **GENERAL JURISDICTION**

---

|  | SUMMONS |  |
|---|---|---|
| CHARLENE FOREE | 20 DAY / COMPLAINT |  |
| vs. |  |  |
| BROWARD SHERIFF'S OFFICE, EMSA | | |
| CORRECTIONAL CARE, INC., ETC. | | |

---

Pursuant to the request of JEFFREY NORKIN, ESQ., 44 WEST FLAGLER STREET, MIAMI, FL. METRO PROCESS SERVICE, received this process on August 28, 2002 at 09:00 A.M.

I, AARON KAPLAN served same on **ERIN E. CODY, M.D.**, at 820 NW 121ST AVENUE, PLANTATION, FL 33325 on **SEPTEMBER 5, 2002** at **08:40 P.M.**

#### INDIVIDUAL SERVICE

By serving the within named person a copy of the above named document(s). FS 48.031(1)

I **ACKNOWLEDGE** that I am authorized to serve process, in good standing in the jurisdiction wherein this process was served and I have no interest in the above action.

Under penalties of perjury, I          **METRO PROCESS SERVICE**
declare that I have read the          **19 WEST FLAGLER SUITE #418**
forgoing document and that the facts          **MIAMI, FL 33130**
stated in it are true.          **OFFICE (305) 374-7387**
September 6th, 2002

**AARON KAPLAN S.P.S #242**

**INDEX**     204091

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

**02016927**

**05**

CHARLENE FOREE,

    Plaintiff,

vs.

BROWARD SHERIFF'S OFFICE,
EMSA CORRECTIONAL CARE, INC.,
ERIN CODY, M.D.,

    Defendants.

_____/

## CIVIL COVER SHEET

TYPE OF CASE:

| DOMESTIC RELATIONS | TORTS | OTHER CIVIL |
|---|---|---|
| Simplified<br>__Dissolution | Professional<br>_X_ Malpractice | __Contracts |
| __Dissolution | _____Products Liability | __Condominium<br>__Real Property/<br>__Mortgage Foreclosure |
| __Support-IV-D | | |
| __Support-None-IV-D | _____Auto Negligence | |
| __URESA-IV-D | | __Eminent Domain |
| __URESA-Non-IV-D | _____Other Negligence | |
| | | __Other |
| __Domestic Violence | | |
| __Other Domestic Relations | | |

IS JURY TRIAL DEMANDED IN COMPLAINT? _x_ YES __ NO
DATED: August ___, 2002.

Norkin & Drucker, P.P.A.
Courthouse Tower, Suite 400
44 West Flagler Street
Miami, Florida 33130
(305) 374-8919
Bar no. 0969966

By: _____
    Jeffrey A. Norkin, Esq.

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

**02016927**

CHARLEEN FOREE,

     Plaintiff,

vs.

BROWARD COUNTY SHERRIFF'S OFFICE,
EMSA CORRECTIONAL CARE, INC., a Florida Corporation,
ERIN CODY, M.D.,

     Defendants.

_____/

### COMPLAINT and DEMAND FOR TRIAL BY JURY

Plaintiff, Charleen Foree, sues Defendants, Broward County Sheriff's Office, EMSA

Correctional Care, Inc., and Erin Cody, M.D., and alleges:

1.     This is an action for medical malpractice and civil rights deprivations arising out

of Defendants' deliberate indifference in their failure to diagnose and treat Plaintiff's ectopic

pregnancy while incarcerated.

### PARTIES

2.     Plaintiff, Charlene Foree, (hereinafter "Ms. Foree") at all times material to this

action, was a resident of Broward County.

3.     Defendant, Broward County Sheriff's Office ("BSO"), is a political subdivision of

the State of Florida.

4.     At all times material hereto, BSO operated the North Broward Jail, in Pompano

Beach, Florida, (the "Jail") which, was the facility that housed Ms. Foree.

5.   Defendant. EMSA Correctional Care, Inc., a Florida corporation, was at all times material hereto the health care provider for inmates of the Jail.

6.   Defendant. Dr. Erin Cody, M.D., is, and at all times material hereto was a physician licensed to practice medicine in and by the State of Florida and was the physician who provided Plaintiff's medical attention while she was an inmate in the Jail.

## FACTUAL ALLEGATIONS

7.   In early April. 2000. Ms. Foree was arrested and sentenced to 60 days incarceration in the Jail, a women's jail operated and controlled by the BSO.

8.   BSO contracted with EMSA to provide medical services to inmates of the Jail.

9.   On May 1, 2000. Ms. Foree started to bleed vaginally and experience severe pain. Had this been menstrual bleeding. it would have come substantially after her period was due.  As it turned out, the bleeding was caused not by a period, but by an ectopic pregnancy, a condition in which the fetus develops in a fallopian tube, rather than in the uterus.

10.   During the 26 days in which symptoms were apparent from this condition, it was never diagnosed by any EMSA or BSO employee or agent in the Jail.

11.   From May 1 May 26, 2000, Ms. Foree received negligent, grossly negligent and/or deliberately indifferent medical attention while in the Jail, which included the following:

a.  Repeated failures to test for pregnancy or ectopic pregnancy.

b.  Repeated failures to recognize symptoms of ectopic pregnancy.

c.  Repeated misdiagnoses of Pelvic Inflammatory Disease (PID), a venereal disease, without testing for the presence of the condition.

d.  Failure to treat ectopic pregnancy, a fatal condition without competent treatment,

2

and its symptoms, which included severe bleeding and excruciating pain.

    e.  Repeated refusal of medication to reduce pain.

    f.  Repeated refusal of medical attention.

    g.  Repeated refusal of, and/or failure to provide medical attention by a physician.

    h.  Repeated failure to provide access to a competent or qualified physician.

    i.  Falsely recording or misreporting occurrences in the course of treatment.

12.    The medical care provided by the Defendants fell below the generally accepted standard of medical care in the community.

13.    On May 26, Ms. Foree was released from jail.  At that time, EMSA employees continued to diagnose her with PID, without any clinical test taken to establish its existence.  At the time of her release, Ms. Foree was bleeding, and in excruciating, debilitating pain.

14.    Upon release from the Jail, Ms. Foree entered a halfway facility called Turning Point pursuant to a court order.

15.  Ms. Foree told the nurse at Turning Point of her pain, and the nurse instructed her to tolerate the pain as long as she could.  However, the pain was unbearable and Ms. Foree called for an ambulance.

16.  She was admitted to Point Medical Center and was immediately diagnosed with an ectopic pregnancy.

17.  Emergency surgery was performed.  As a result of the development of the ectopic pregnancy, one fallopian tube and one ovary had ruptured, and were removed.

18.  The surgery was performed with little time to spare to prevent Ms. Foree's death.

19.  The negligent, grossly negligent, and/or deliberately indifferent medical treatment

3

provided to Plaintiff is further described in the attached medical report of Dr. Kenneth Kassin, who was the surgeon who performed the emergency surgery.   (Exh. A)   This report is incorporated herein by reference.

20.   As a direct and proximate result of the Defendant's acts, or failures to act as alleged in this Complaint, Plaintiff was caused to suffer the following damages.

   a.  Severe physical pain and suffering for an extended period of time.

   b.  Fear, apprehension, anxiety, and other mental and emotional injuries and suffering experienced during the period of time in Defendant's care and custody.

   c.   Fear, apprehension, anxiety, and other mental and emotional injuries and suffering experienced as a result of learning that her life was in danger and going through invasive, dangerous surgery.

   d.  Degradation arising out of indifferent and abusive treatment and violation of civil rights as guaranteed by the Eighth and Fourteenth Amendments.

   e.  Pain and suffering during the weeks and months following surgery.

   f.  Loss of organs and partial disability.  Decreased ability or total loss of ability to become pregnant and/or bear children.

   g.  Scarring and disfigurement.

   h.  Continuing physical pain and suffering and mental and emotional anguish, depression, anxiety, and other suffering, and diminished ability to enjoy life.

   i.  Medical expenses, incurred in the past and to be incurred in the future.

21.   Plaintiff has complied with all applicable provisions of Chapter 766 and 768.28 of the Florida Statutes. A copy of the statutory notice of claim is attached hereto as Exh. B.

4

Defendants rejected this claim in writing on July 19, 2002.

22.     Plaintiff has retained undersigned counsel and is obligated to pay a reasonable attorneys' fee. Due to the nature of this lawsuit, all applicable fee multipliers are appropriate.

### COUNT I - MEDICAL MALPRACTICE v. EMSA and CODY

23.     Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

24.     This medical malpractice action is brought pursuant to Florida Statutes Chapter 766 and all additional applicable statutory provisions.

25.     At all times material hereto, Cody, as a physician on site, and EMSA, as the healthcare and medical provider at the Jail, owed Plaintiff a duty to ensure that her medical needs were competently met according to the standards of the medical profession in the community.

26.     EMSA at all times material hereto owed Plaintiff the duty to ensure that its personnel were able to provide adequate medical care and that sufficient quality and quantity of employees were present to provide that care.

27.     Cody and EMSA breached their duties to Plaintiff by committing all or some of the acts and omissions alleged above in paragraph 11.

28.     EMSA also breached its duty to Plaintiff by failing to provide adequate, competent medical staff and supervision to meet the medical needs of inmates at the Jail.

29.     The servants, agents and employees of EMSA, including Cody, were, at all times material to this action, acting within the course and scope of their employment. As such, EMSA is vicariously liable for their negligence.

30.     EMSA's and Cody's negligence, jointly and severally with BSO's negligence, directly and proximately caused Plaintiff's damages as alleged above in Paragraph 20.

5

31.     All presuit procedures required by Florida Statutes Chapter 766 have been met.

32.     As to EMSA's and Cody's liability, there is no genuine or *bona fide* defense, and therefore, if these Defendants attempt to defend against liability, Plaintiff should be awarded all attorneys fees and costs expended in establishing liability pursuant to Florida Statutes §57.105.

WHEREFORE, Plaintiff, Charleen Forre hereby demands judgment against EMSA in this matter for compensatory damages, and all other available remedies available under Fla. Stat. §768.28.

### COUNT II - NEGLIGENCE v. BSO

33.     Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

34.     At all time material hereto, BSO, as the operator of the Jail, owed Plaintiff a non-delegable duty to ensure that the medical needs of the inmates were properly met.

35.     BSO at all times material hereto owed Plaintiff the duty to ensure that health personnel employed in the Jail met Plaintiff's medical needs and were capable to provide adequate medical care.

36.     BSO at all times material hereto owed Plaintiff the duty to provide Plaintiff with access to adequate medical attention.

37.     BSO, through its employees, breached this duty by:

a.  Failing to sufficiently supervise EMSA to ensure that EMSA had adequate health and medical staff in place at the Jail;

b.  Failing to communicate EMSA's medical staff as to the severity of Plaintiff's symptoms as they observed them while Plaintiff was in her cell;

c.  Interfering with Plaintiff's access to medical attention by preventing requests for

6

medical attention from reaching the medical staff;

    d.  Failing to report and respond curatively to EMSA's obvious failures in the assessment and treatment of Plaintiff's condition.

38.    The servants, agents and employees of BSO were, at all times material to this action, acting within the course and scope of their employment. As such, BSO is liable for their actions pursuant to Fla. Stat. §768.28.

39.    BSO's negligence, along with that of EMSA and Dr. Cody, jointly and severally, and directly and proximately caused Plaintiff's damages as alleged above.

WHEREFORE, Plaintiff, Charleen Forre hereby demands judgment against Defendant, BSO, jointly as severally with the other named defendants, for compensatory damages, and all other available remedies available under Fla. Stat. §768.28.

## COUNT III - DELIBERATE INDIFFERENCE V. ALL DEFENDANTS PURSUANT TO 42 U.S.C. §§1983, 1988

40.    Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

41.    This Count One is brought against all defendants to this action pursuant to 42 U.S.C. §1983.

42.    As the operator of a jail facility, all actions of BSO employees and agents as alleged herein were performed under color of law.

43.    As providers of healthcare and medical attention at a jail facility, Cody, EMSA employees and agents, and EMSA itself as a contractor of BSO or other political subdivision, were acting at all times material hereto under color of law for purposes of §1983 liability.

44.    It is well settled that the "deliberate indifference to serious medical needs of

prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." Estelle v. Gamble. 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

45.     Defendant, Cody, and the other employees and agents of Defendants, BSO and EMSA, were, or should have been fully aware of Ms. Foree's need for immediate treatment.

46.     Despite their knowledge, or due to their deliberate indifference in assessing Plaintiff's condition, Defendants failed to provide even minimally adequate medical care; failed to provide Ms. Foree with proper medication; failed to diagnose Ms. Foree's medical condition; and for all practical purposes. abandoned Ms. Foree to a painful and life-threatening medical condition.

47.     At all times material hereto, Defendants knew, or would have known had they not been deliberately indifferent to her medical treatment and assessment, that failure to provide adequate medical care would result in a substantial risk to Ms. Foree's life.

48.     The medical services provided to Ms. Foree by Defendants was so grossly substandard, incompetent and/or inadequate as to fairly be characterized as medical care so cursory as to amount to no medical care at all.

49.     At all times material hereto, the Defendants were acting in conformity with, or as a direct result of, the established policies, practices, procedures and customs of Defendants, BSO and EMSO for the provision of health care to inmates in the Jail.

50.     Defendants' failures. as alleged above, are all attributable to the deliberately indifferent policies, practices. procedures and customs of the Defendants.

51.     On information and belief, BSO's and EMSA's deliberately indifferent policies, practices, procedures and customs result from their failure to provide sufficient funds and staff to

8

.

meet the medical needs of the inmates in the Jail.

52.     On information and belief BSO's and EMSA's deliberately indifferent policies, practices, procedures and customs allowed serious medical needs to go untreated as the result of failure to establish an administrative system which would track and recognize when an inmate required prompt medical attention.

53.     On information and belief, the correctional staff made available by the Defendants for the monitoring and reporting of inmate medical needs medical staff is so undersized and/or untrained or unqualified as to preclude a timely and effective response to inmate medical needs.

54.     On information and belief, the correctional staff made available by the Defendants for the transporting of inmates for the purpose of medical care is so undersized as to preclude timely and effective provision of medical care.

55.     On information and belief, the policy, practice, procedure and custom in effect at the Jail, at all times material to this action, was to delay medical treatment to newly admitted inmates.

56.     Permitting life-threatening conditions to go undetected for non-medical reasons is a pervasive practice, which is deliberately indifferent to the serious medical needs of prisoners.

57.     Defendants, BSO and EMSA are responsible for the policies, practices, procedures and customs which govern the provision of medical care in the Jail.

58.     Those who make policies, practices, procedures and customs for the Defendants were on notice long before Ms. Foree was incarcerated of the deficiencies in the provision of medical care, as alleged above.

59.     Under Estelle and Farmer v. Brennan, 511 U.S. 825, (1994), deliberate

9

indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence. Based on the aforementioned facts, it is clear that the three Defendants' conduct in this case has met all three components, thus constituting deliberate indifference.

60.     Defendants' deliberate indifference directly, proximately and jointly and severally caused Plaintiff's damages as alleged above in paragraph 20.

61.     As the prevailing party in this action, Plaintiff shall be entitled to attorneys' fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, Charleen Foree hereby demands judgment for compensatory damages, prejudgment interest where applicable, litigation costs, and attorneys' fees pursuant to 42 U.S.C. §1988.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted, this _____ day of August, 2002,

> NORKIN & DRUCKER, P.P.A.
> 44 West Flagler Street, Suite 400
> Miami, Florida 33130
> 305-374-8919 Phone
> 305-374-9499 Fax
>
> By:_____
> Jeffrey A. Norkin, Esq.
> Florida Bar No: 0969966

10

KENNETH KASSIN, M.D.
1600 S. Federal Highway, Suite 611
Pompano Beach, FL. 33062
(954) 941-8100

April 15, 2002

Jeffrey Norkin
Courthouse Tower, Suite 400
44 West Flagler Street
Miami, FL. 33130

Re: Charleen Foree v. Broward Sheriff's Office, medical malpractice claim

Dear Jeffrey Norkin:

I have reviewed the information from EMSA Correctional Center and the hospital records from Imperial Point Hospital.

Charleen Foree is a 34 year-old white female G1 Po who had a health evaluation on April 14, 2000 by EMSA. Her LMP was 3/20/00 and used condoms for birth control; labs were drawn but no routine pregnancy test done. (Geraldine Vasallo, RN).

5/6/00 Charleen Foree developed extreme abdominal pain around and below her waistline. It then developed into a stabbing sharp pain. No pelvic exam was done; nothing was done to evaluate the possibility of a pregnancy. RN evaluation.

5/8/00 Pelvic pain persists, nothing done.

5/11/00 There is a note of LMP 5/10/00 but nothing mentioned of vaginal bleeding only slight rectal bleeding. The evaluation shows acute distress with a pelvic exam being performed with left abdominal tenderness. No sonogram and no pregnancy test performed but diagnosed with PID (Pelvic Inflammatory Disease), treated with Vibramycin 100 mg Po BID and pain medications. Charleen Foree also complained of severe belly pain and pain to lower pelvic area which persisted all day. She was told to take deep breaths and bed rest. Again, nothing was done to evaluate Charleen Foree's condition.

5/12/00 Charleen Foree still having severe pelvic pain, physical exam deferred, Erin Cody, M.D., nothing done to evaluate the possibility of pregnancy.

5/13/00 Pelvic pain persists, Charleen Foree asked to be taken to hospital but she was refused.

EXHIBIT
A

5/17/00 Pain persists in suprapubic area so severe that it impairs mobility of Charleen Foree (Deborah McJimsey, RN).

5/19/00 Charleen Foree has prolonged vaginal bleeding. This is the first note that recognized bleeding for eight days with severe pelvic pain. Pelvic exam deferred, no evaluation for possible pregnancy. (Margaret Butch, RN; Erin Cody, M.D.)

5/25/00 Last note of blood being drawn (CBC).

5/26/00 Released from Prison

5/27/00 Arrived at Emergency room, Imperial Point Hospital. History of bleeding for 23 days and severe pelvic pain. Diagnosed in prison with constipation and PID; treated with Vibramycin and pain medications.

In Emergency room:   BHCG pregnancy test = 7377
                     Pelvic Sonogram = left pelvic mass 7 cm, hemoperitoneum (blood in pelvic cavity), probable ectopic pregnancy.
Patient taken for emergency surgery.

Operative findings:   Left ruptured ectopic pregnancy
                      Hemoperitoneum 500 cc coagulated blood
                      Granulation tissue right and left pelvic area
                      Long standing left pelvic mass
                      Damage to right tube
                      Anemia

Conclusion

1.  While in the prison system entered 4/7/00, discharged 5/26/00, Charleen Foree was pregnant.

2.  While in the prison system, Charleen Foree, was having severe abdominal and pelvic pain which was not investigated and basically totally disregarded.

3.  While in the prison system, Charleen Foree, had abnormal vaginal bleeding which was not investigated, diagnosed or treated.

4.  While in the prison system, she was totally missed diagnosed, wrong treatment and had no diagnostic testing to evaluate the problem.

5.  No follow-up to the one pelvic exam.

6.  Only seen by paramedical personnel lacking basic medical knowledge to evaluate a woman having abnormal pelvic pain and abnormal vaginal bleeding. When seen by M.D., no pelvic exam was done.

7.    Charleen Foree immediately diagnosed with ruptured
      ectopic pregnancy. Imperial Point Hospital 05/27/00

8.    Pregnancy test BHCG showing level 7377, at least eight
      weeks pregnant.

9.    Sonogram 05/27/00, Imperial Point Hospital, showing 7 cm
      left pelvic mass requiring immediate pelvic surgery.

10.   Total and flagrant disregard for this women's health.

Because of the delay in diagnosis and treatment of the ruptured
ectopic pregnancy, she lost her left tube and ovary.  There was also
damage to the right tube.  Because these damages to the tubes were
not taken care of timely, and surgery not done timely, this will
definitely impair Charleen Foree from getting pregnant in the
future.

Sincerely Yours,

Kenneth B. Kassin, M.D.

SWORN TO AND SUBSCRIBED before me this _17_ day of _April_

20_02_, by: _Kenneth B. Kassin MD_ personally known to me or produced

_____ as identification.

Notary Signature: _Andrea M Seeley_

Printed Name: _Andrea M. Seeley_

My Commission expires: _October 1, 2005_


Andrea M. Seeley
MY COMMISSION # DD061965 EXPIRES
October 1, 2005
BONDED THRU TROY FAIN INSURANCE INC.

## NORKIN & DRUCKER
### A PARTNERSHIP OF PROFESSIONAL ASSOCIATIONS

COURTHOUSE TOWER, SUITE 400
44 WEST FLAGLER STREET
MIAMI, FLORIDA 33130

JONATHAN M. DRUCKER*
JEFFREY A. NORKIN
*ALSO ADMITTED IN CALIFORNIA

TELEPHONE: 305-374-8919
FACSIMILE: 305-374-9499

February 28, 2002

**Via Certified U.S. Mail**

Wexford
N. Broward Detention Center
Attn: Corrections Medical Records
1550 Blount Rd.
Pompano Bch., FL  33069

Prison Health Services/EMSA
Attn: Medical Records
105 W. Park Drive, Suite 300
Brentwood, TN  37027

Broward County Sherriff's Office
Corrections Records
2601 W Broward Blvd.
Ft. Lauderdale, FL  33312

Re:   Our client, Charleen M. Foree, demand for medical records, jail records, and insurance information.

Dear Sirs and Madams:

This office represents Charleen M. Foree, in her claim for damages arising out of the medical negligence of PHS/EMSA and the Broward County Sheriff's Department of Corrections.  With this letter, we request that you provide the following documents for which we enclose an authorization executed by Ms. Foree:

- All medical records produced during Ms. Foree's period of incarceration during April-May, 2000 in Broward County, Florida. (Section 766.204 of the Florida Statutes);
- All of Ms. Foree's jail records for the entire period of her incarceration in Broward County, Florida (Chapter 119, Florida Statutes);
- Insurance information (Section 627.7264 of the Florida Statutes).


EXHIBIT
B

An authorization is enclosed that permits this firm to obtain the information requested. The authorization provides Ms. Foree's date of birth and social security number for your reference. Please read the following which more specifically identifies the documents sought, the procedure to be followed, and the legal bases of the request.

## MEDICAL RECORDS

I understand that PHS/EMSA is the entity, along with the Broward Sheriff's Office, which provided health care to Ms. Foree while she was in custody. However, Wexford is now the custodian of those records. As a result of this situation, EMSA will be responsible for and will have to ensure that Wexford satisfies this request. Please fully comply with Florida Statutes Section 766.104, which states:

(1) Copies of any medical record relevant to any litigation of a medical negligence claim or defense shall be provided to a claimant or a defendant, or to the attorney thereof, at a reasonable charge within 10 business days of a request for copies, except that an independent special hospital district with taxing authority which owns two or more hospitals shall have 20 days. It shall not be grounds to refuse copies of such medical records that they are not yet completed or that a medical bill is still owing.

(2) Failure to provide copies of such medical records, or failure to make the charge for copies a reasonable charge, shall constitute evidence of failure of that party to comply with good faith discovery requirements and shall waive the requirement of written medical corroboration by the requesting party.

Please comply with the terms of the above statute in providing every medical record, including doctors' and nurses' notes, diagnostic records, lab records, logs showing treatment times, and all other documents in your possession or control pertaining to the treatment provided to Ms. Foree. Please provide names and addresses all nurses and doctors who treated Ms. Foree in any manner whatsoever, as the signatures of these individuals is often legible.

Please advise of the charge for these records, then deliver the records with an invoice within the ten days, and payment will be forthcoming. Please keep in mind that if you have not arranged for delivery of the records within ten days, by law Ms. Foree will not be required to file a medical affidavit prior to filing suit.

## JAIL RECORDS

Please provide all jail records related to Ms. Foree's intake, detention, cell movements, release, clinic visits, requests for medical attention, prison guard records related to Ms. Foree, and all other records related to her detention. Please include a copy of all booking photos and other photographs or videos in your possession. This request is made pursuant to Chapter 119, Florida Statutes and pursuant to the records release enclosed.

## INSURANCE INFORMATION AND DOCUMENTATION

Pursuant to Section 627.7264 of the Florida Statutes, please provide the names and coverage of each known insurer. Please forward a copy of this letter to each insurer so that they can provide us with a statement, under oath, setting forth the following information with regard to each known policy of insurance within the thirty (30) days prescribed by said Statute.

1. The name of the insurer;
2. The name of each insured;
3. The limits of liability coverage;
4. A statement of any policy or coverage defenses; and
5. A copy of each policy.

Thank you for your cooperation in producing these records. Please contact me if you have any questions.

Very truly yours,

NORKIN & DRUCKER

Jeffrey A. Norkin

cc: Client

**SENDER: COMPLETE THIS SECTION.**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Broward County Sheriff's Office
Corrections Records.
2601 W. Broward Blvd.
Ft. Lauderdale, FL 33312

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B.

C. Signature
X

D. Is delivery address different from item?
If YES, enter delivery address below:

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)

2. Article Number
(Transfer from service label)   7000 0520 0016 3593 9559

PS Form 3811, March 2001   Domestic Return Receipt

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

| | | |
|---|---|---|
| Postage | $ | .34 |
| Certified Fee | | 2.10 |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 2.44 |

Postmark Here

Recipient's Name (Please Print Clearly) (To be completed by mailer)
Broward County Sheriff's Office
Street, Apt. No.; or PO Box No.
2601 W. Broward Blvd.
City, State, ZIP+4
Ft. Lauderdale, Fl. 33312

PS Form 3800, February 2000   See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

Wexford
Broward Detention Center
Corrections Medical Record
50 Blount Rd.
Pompano Bch, Fl. 33069

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date
7/11

C. Signature
X

D. Is delivery address different from item 1?
If YES, enter delivery address below:

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for M
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)

Article Number
(Transfer from service label)   7000 0520 0016 3593 9542

Form 3811, March 2001   Domestic Return Receipt

102595-01-M-1424

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

| | | |
|---|---|---|
| Postage | $ | .34 |
| Certified Fee | | 2.10 |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Postmark Here

Recipient's Name (Please Print Clearly) (To be completed by mailer)
Wexford
Street, Apt. No.; or PO Box No.
N. Broward Detention Center
City, State, ZIP+4
Pompano Bch., Fl. 33069

PS Form 3800, February 2000   See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

| | | |
|---|---|---|
| Postage | $ | .34 |
| Certified Fee | | 2.10 |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 2.44 |

Postmark Here

Recipient's Name (Please Print Clearly) (To be completed by mailer)
HSCA Health Service/Keiser
5 W. Park Drive, Suite 2nd

## NORKIN & DRUCKER
A PARTNERSHIP OF PROFESSIONAL ASSOCIATIONS

COURTHOUSE TOWER, SUITE 400
44 WEST FLAGLER STREET
MIAMI, FLORIDA 33130

JONATHAN M. DRUCKER*
JEFFREY A. NORKIN
*ALSO ADMITTED IN CALIFORNIA

TELEPHONE: 305-374-8919
FACSIMILE: 305-374-9499

April 22, 2002

<u>Via Certified U.S. Mail</u>

Broward County
Risk Management Department
2601 W Broward Blvd.
Ft. Lauderdale, FL  33312

EMSA Correctional Care, Inc.
105 Westpartk Dr., Suite 300
Brentwood, TN  37027
and
c/o CT Corporate System, Registered agent
1200 South Pine Island Rd., Suite 600
Fl. Lauderdale, Florida 33324

Erin E. Cody, M.D.
Medical Department
3228 Gun Club Road
West Palm Beach, FL  33406

> Re:  Claimant, Charleen M. Foree's notice of intent to initiate litigation for medical malpractice, and notice of claim for damages, against Broward County (Department of Corrections), EMSA Correctional Care, and the State of Florida, pursuant to Florida Statutes Sections 768.28 and 766.106, and 42 U.S.C. §1983.

Dear Sirs and Madams:

This notice is served to preserve Charleen Foree's rights and to fulfill her obligations imposed under Florida Statutes Sections 766.106 and 768.28.  Demand is also made for insurance information pursuant to Florida Statutes Section 627.7264.

## NOTICE PURSUANT TO FLORIDA STATUTES §766.106

Pursuant to Florida Statutes Section 766.106, you are hereby notified that this law firm intends to initiate a lawsuit against the parties addressed above in this letter, specifically, EMSA Correctional Care, Inc., Broward County, and Dr. Erin Cody, for medical malpractice arising out

Notice of Intent to Initiate Litigation
Re: Charleen Foree
April 22, 2002
p. 2

of your diagnose and treat Charleen Foree's ectopic pregnancy, in or about May, 2000, which caused Ms. Foree severe permanent injuries, loss of bodily function, and physical and emotional pain and suffering. We enclose the verified medical report of Dr. Kenneth Kassin, which supports this claim.

You and your insurers are required to conduct a good faith investigation to determine liability within ninety (90) days of the date hereof. Said review must comply with the procedures set forth in the Statute. In compliance with said Statute, you are required to provide us with a response rejecting the claim, making a settlement offer, or making an offer of admission of liability and for arbitration on the issue of damages within ninety (90) days.

## NOTICE PURSUANT TO FLORIDA STATUTES §768.28

Claims will also be pursued against the County pursuant to Section 768.28 and as to all parties pursuant to 42 U.S.C. §§1981 and 1983. This letter shall constitute formal demand made pursuant to F.S. §768.28(6) as to the County and any other defendant claiming protection under this statute. This letter is served upon the Department of Insurance in compliance with the statute. Pursuant to the disclosure requirements of the statute, Ms. Foree's date of birth is 6/13/65, and her Social Security number is 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. She was born in Bellville, Illinois. Ms. Foree has been involved in no litigation with any governmental entities.

## DEMAND PURSUANT TO FLORIDA STATUTES §627.7264

Pursuant to Section 627.7264 of the Florida Statutes, please provide us with the names and coverages of each known insurer. Please forward a copy of this letter to each insurer so that they can provide us with a statement, under oath, setting forth the following information with regard to each known policy of insurance within the thirty (30) days prescribed by said Statute.

1. The name of the insurer;
2. The name of each insured;
3. The limits of liability coverage;
4. A statement of any policy or coverage defenses; and
5. A copy of each policy.

Please also provide the following information within twenty (20) days pursuant to Florida Statutes Section 766.106(7)(b):

1. Names and addresses of any and all agents, servants and/or employees (including doctors, nurses, physicians' assistants, etc.), who rendered care and/or treatment to Charleen Foree.

2. Names and addresses of any and all independent contractors (including doctors, nurses, physicians' assistants, etc.), who attended to care and/or treated Charleen

Notice of Intent to Initiate Litigation
Re: Charleen Foree
April 22, 2002
p. 3

Foree.   In addition, please give the name and address of any person, firm and/or
corporation that said independent contractor was employed with, if known.

3. Any and all other individuals not specifically referenced in the above questions who
treated and/or cared for Charleen Foree

PLEASE BE GOVERNED ACCORDINGLY.

Very truly yours,

NORKIN & DRUCKER

Jeffrey A. Norkin

Enclosure

cc: Client

Florida Department of Insurance
Attn: Service of Process
200 East Gaines Street
Tallahassee, FL  32399

KENNETH KASSIN, M.D.
1600 S. Federal Highway, Suite 611
Pompano Beach, FL. 33062
(954) 941-8100

April 15, 2002

Jeffrey Norkin
Courthouse Tower, Suite 400
44 West Flagler Street
Miami, FL. 33130

Re: Charleen Foree v. Broward Sheriff's Office, medical malpractice claim

Dear Jeffrey Norkin:

I have reviewed the information from EMSA Correctional Center and the hospital records from Imperial Point Hospital.

Charleen Foree is a 34 year-old white female G1 Po who had a health evaluation on April 14, 2000 by EMSA. Her LMP was 3/20/00 and used condoms for birth control; labs were drawn but no routine pregnancy test done. (Geraldine Vasallo, RN).

5/6/00 Charleen Foree developed extreme abdominal pain around and below her waistline. It then developed into a stabbing sharp pain. No pelvic exam was done; nothing was done to evaluate the possibility of a pregnancy. RN evaluation.

5/8/00 Pelvic pain persists, nothing done.

5/11/00 There is a note of LMP 5/10/00 but nothing mentioned of vaginal bleeding only slight rectal bleeding. The evaluation shows acute distress with a pelvic exam being performed with left abdominal tenderness. No sonogram and no pregnancy test performed but diagnosed with PID (Pelvic Inflammatory Disease), treated with Vibramycin 100 mg Po BID and pain medications. Charleen Foree also complained of severe belly pain and pain to lower pelvic area which persisted all day. She was told to take deep breaths and bed rest. Again, nothing was done to evaluate Charleen Foree's condition.

5/12/00 Charleen Foree still having severe pelvic pain, physical exam deferred, Erin Cody, M.D., nothing done to evaluate the possibility of pregnancy.

5/13/00 Pelvic pain persists, Charleen Foree asked to be taken to hospital but she was refused.

5/17/00 Pain persists in suprapubic area so severe that it impairs mobility of Charleen Foree (Deborah McJimsey, RN).

5/19/00 Charleen Foree has prolonged vaginal bleeding. This is the first note that recognized bleeding for eight days with severe pelvic pain. Pelvic exam deferred, no evaluation for possible pregnancy. (Margaret Butch, RN; Erin Cody, M.D.)

5/25/00 Last note of blood being drawn (CBC).

5/26/00 Released from Prison

5/27/00 Arrived at Emergency room, Imperial Point Hospital. History of bleeding for 23 days and severe pelvic pain. Diagnosed in prison with constipation and PID; treated with Vibramycin and pain medications.

In Emergency room: βHCG pregnancy test = 7377
Pelvic Sonogram = left pelvic mass 7 cm, hemoperitoneum (blood in pelvic cavity), probable ectopic pregnancy.
Patient taken for emergency surgery.

Operative findings:   Left ruptured ectopic pregnancy
Hemoperitoneum 500 cc coagulated blood
Granulation tissue right and left pelvic area
Long standing left pelvic mass
Damage to right tube
Anemia

Conclusion

1.  While in the prison system entered 4/7/00, discharged 5/26/00, Charleen Foree was pregnant.

2.  While in the prison system, Charleen Foree, was having severe abdominal and pelvic pain which was not investigated and basically totally disregarded.

3.  While in the prison system, Charleen Foree, had abnormal vaginal bleeding which was not investigated, diagnosed or treated.

4.  While in the prison system, she was totally missed diagnosed, wrong treatment and had no diagnostic testing to evaluate the problem.

5.  No follow-up to the one pelvic exam.

6.  Only seen by paramedical personnel lacking basic medical knowledge to evaluate a woman having abnormal pelvic pain and abnormal vaginal bleeding. When seen by M.D., no pelvic exam was done.

7.     Charleen Foree immediately diagnosed with ruptured ectopic pregnancy. Imperial Point Hospital 05/27/00

8.     Pregnancy test BHCG showing level 7377, at least eight weeks pregnant.

9.     Sonogram 05/27/00, Imperial Point Hospital, showing 7 cm left pelvic mass requiring immediate pelvic surgery.

10.    Total and flagrant disregard for this women's health.

Because of the delay in diagnosis and treatment of the ruptured ectopic pregnancy, she lost her left tube and ovary. There was also damage to the right tube. Because these damages to the tubes were not taken care of timely, and surgery not done timely, this will definitely impair Charleen Foree from getting pregnant in the future.

Sincerely Yours,

Kenneth B. Kassin, M.D.

SWORN TO AND SUBSCRIBED before me this __17__ day of __April__ 20_02_, by: __Kenneth B. Kassin MD__ personally known to me or produced

_____ as identification.

Notary Signature: _Andrea M Seeley_

Printed Name: _Andrea M. Seeley_

My Commission expires: _October 1, 2005_


Andrea M. Seeley
MY COMMISSION # DD061965 EXPIRES
October 1, 2005
BONDED THRU TROY FAIN INSURANCE, INC.

## NORKIN & DRUCKER
### A PARTNERSHIP OF PROFESSIONAL ASSOCIATIONS

COURTHOUSE TOWER, SUITE 400
44 WEST FLAGLER STREET
MIAMI, FLORIDA 33130

JONATHAN M. DRUCKER*
JEFFREY A. NORKIN
*ALSO ADMITTED IN CALIFORNIA

TELEPHONE: 305-374-8919
FACSIMILE: 305-374-9499

April 25, 2002

Governor Jeb Bush
The Capitol
Tallahassee, FL  32399-0001

Lori Nance Parrish, Chairperson
Broward County Board of Commissioners
Governmental Center, Rm. 416
115 S. Andrews Ave.
Fort Lauderdale, Fl. 33301

Michael Moore,
Secretary of Corrections
2601 Blairstone
Tallahassee, FL  32399

Jody Page, Esq.
Bunnell, Woulfe, Kirschbaum et al
888 East Las Olas Blvd., Suite 400
Miami, Fl. 33301

     Re:  Notice of intent to initiate litigation for medical malpractice and for damages pursuant to F.S. §768.28.

Dear Sirs and Madams:

     Enclosed please Charleen Foree's Notice of intent to initiate litigation for medical malpractice and for damages pursuant to F.S. §768.28.  In addition to those to whom it was originally addressed, I deliver the notice to you in full compliance with the statutes.  Please advise as to whether you, on behalf of the governmental agencies you represent, assert that the enclosed notice and this form of service in any way fail to comply with the requirements of Florida Statutes Sections 766.106 and 768.28.

     Absent any such notification on or before May 4, 2002, this office, on behalf of Ms. Foree, will understand that service of the required notification under these statutes has been perfected.

Thank you for your attention to this matter and thank you for adhering to the requirements of the statutes, and those set forth in the enclosed notice.

Very truly yours,

NORKIN & DRUCKER

Jeffrey A. Norkin

Encl.
cc: Client

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 02016927 CACE 05

CHARLEEN FOREE,

       Plaintiff,

v.

BROWARD COUNTY SHERIFF'S OFFICE,
EMSA CORRECITONAL CARE, INC., a
Florida corporation, ERIN CODY, M.D.,

       Defendants.

_____/

## DEFENDANTS' NOTICE OF FILING PETITION FOR REMOVAL

PLEASE TAKE NOTICE that on this 25TH day of September, 2002, DefendantsBROWARD COUNTY SHERIFF'S OFFICE, EMSA CORRECTIONAL CARE, INC., a Florida corporation and ERIN CODY, M.D., filed a Petition for Removal, a copy of which is attached, of the above-entitled action to the United States District Court for the Southern District of Florida.

You are also advised that Defendants, on filing such Petition for Removal in the Office of the Clerk of the United States District Court for the Southern District of Florida, also filed a copy with the Clerk of the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, to effect removal, pursuant to 28 U.S.C. Section 1332.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via Regular U.S.



EXHIBIT
B

CASE NO.: 02016927 CACE 05

Mail on this _25th_ day of _September_, 2002, upon Jeffrey A. Norkin, Esquire, Norkin &

Drucker, P.A., 44 West Flagler Street, Suite 4000, Miami, Florida 33130.

> BUNNELL, WOULFE, KIRSCHBAUM,
> KELLER, McINTYRE & GREGOIRE, P.A.
> Counsel for Defendants
> 888 East Las Olas Boulevard
> Suite 400
> Fort Lauderdale, FL 33301
> Telephone:   954-761-8600
> Facsimile:   954-525-2134
>
> By: _____
>      GREGG A. TOOMEY
>      Florida Bar No.: 0159689

2

# CIVIL COVER SHEET

02-61356
CIV- MARRA
MAGISTRATE JUDGE
SELTZER

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
CHARLEEN FOREE,

**DEFENDANTS**
BROWARD COUNTY SHERIFF'S OFFICE, EMSA CORRECTIONAL CARE, INC., a Florida corporation, ERIN CODY, M.D.,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jeffrey Norkin, Esquire, Norkin & Drucker, P.A., 44 West Flagler Street, Suite 400, Miami, Florida 33130 305-374-8919

0:02CIV61356/

ATTORNEYS (IF KNOWN)
Richard T. Woulfe, Esquire/Gregg A. Toomey, Esquire, Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., 888 East Las Olas Boulevard, Suite 400, Fort Lauderdale, Florida 33301 -- 954-761-8600

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influence and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW(405g) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | B☐ 530 General | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | B☐ 535 Death Penalty | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☑ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions A OR B |
| ☐ 245 Tort Product Liability | | B☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

LENGTH OF TRIAL
10 days estimated (or both sides to try entire case) 42 USC § 1983

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS ISA CLASS ACTION  ☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES   ☐ NO

**VIII. RELATED CASE(S) (See instructions):**
IF ANY     JUDGE:                DOCKET NUMBER:

DATE 9/25/02

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 520269    AMOUNT 150.00    APPLYING IFP    JUDGE    MAG. JUDGE

9-25-02